IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ILLINOIS FARMERS INSURANCE COMPANY, as subrogee of JASON and MINDY JONES, | ) ) ) ) |
| Plaintiff, | ) Case No. 3:10-cv-713-JPG-DGW ) |
| v. | ) ) |
| SUNBEAM PRODUCTS, INC., d/b/a JARDEN CONSUMER SOLUTIONS, | ) ) ) |
| Defendant. | |

**PROTECTIVE ORDER**

Now pending before the Court is a Motion for Protective Order filed on December 12, 2011 (Doc. 46). All parties consent to the entry of the protective order. Finding good cause, the motion is **GRANTED**. The Court enters the following protective order proposed by the parties:

The parties, through their respective counsels, stipulate to the entry of the following Protective Order to govern the treatment of confidential documents and testimony concerning such documents produced in discovery in this case.

WHEREAS:

1. The parties are engaged in discovery in this case which may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

2. In the course of that discovery, certain trade secret, proprietary, and/or confidential documents, materials, and/or information may be produced by the parties or by third persons or entities;

3. The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the trade secret, proprietary, and/or confidential nature of documents, materials, and/or information;

4. The parties seek to preserve the trade secret, proprietary, and/or confidential nature of documents, materials and/or information;

5. The parties seek to limit the disclosure of trade secret, proprietary, and/or confidential documents, materials, and/or information;

6. The Federal Rules of Civil Procedure, provide for the issuance of appropriate protections, for good cause, to preserve the trade secret, proprietary, and/or confidential nature of such documents, materials, and/or information, and to limit the disclosure of such documents, materials, and/or information;

7. Good cause exists for the issuance of this Protective Order; and

8. This Protective Order is limited to and only applies in the above-captioned case in which discovery is being conducted.

IT IS, THEREFORE, ORDERED:

A. <u>Definitions</u>. The following definitions shall apply for purposes of this Protective Order:

1. The term "Confidential Material" shall include documents and correspondence, materials and/or information relating to or conveying trade secrets, proprietary information, customer/consumer information that Defendants have legitimate trade secrets in, customer/consumer information to protect, and proprietary information that is the product of the work of Defendants in their trade that is not being generally known to others and competitors, and

not being readily ascertainable by proper means by, and other persons could unfairly profit by the economic value from its disclosure or use; and that is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. "Confidential Material" may include information produced and/or inspected pursuant to any document request, request for inspection, subpoena, or order in this case, and/or contained or disclosed in deposition testimony, interrogatory answers, exhibits, responses to requests for admissions, or briefs, pleadings, motions and/or memoranda filed with the Court if it meets the criteria set forth above. "Confidential Material" includes detail drawings, general arrangement drawings, assembly drawings, hardware catalogues, operation and maintenance manuals, welding manuals, sales and engineering manuals, pricing manuals, customer application and installation lists, documents identifying customer/consumer information, sales figures and technical report. "Confidential Material" may include documents, materials, and information that is reproduced, paraphrased, summarized, or otherwise duplicated. "Confidential Material" also refers to documents, material, and information produced and used in this case which are subject to a protective order in another case and, in all such cases, such documents, material and information shall remain subject to the requirements of any protective orders entered in those cases. "Confidential Material" does not include documents or information produced in other cases without protection nor does it include trial exhibits from earlier trials which were in fact admitted into evidence at the trial of any other case and not thereafter sealed by any Court from subsequent disclosure.

2.    The term "Person" shall mean any natural person, and any corporation, partnership, association, or other entity.

3. The term "Party" shall mean the plaintiffs in this case ILLINOIS FARMERS INSURANCE COMPANY, as subrogee of JASON and MINDY JONES, and Defendant SUNBEAM PRODUCTS, INC, d/b/a JARDEN CONSUMER SOLUTIONS , and any parent, subsidiary, affiliate, successor-in-interest, predecessor-in-interest of defendants, and defendants' officers, directors, employees, agents and representatives.

4. All designations of Confidential Material shall be made on a good faith basis with sufficient foundation under applicable Illinois law. By making a confidential designation, the designating party and its counsel shall be deemed to certify that a good faith basis exists for the designation, and the information sought to be protected constitutes a trade secret, proprietary information, customer/consumer information or otherwise confidential information that: (1) has not been disclosed to third parties outside the company without confidential, privileged, or protective arrangements; (2) has never been produced, disclosed or used in any litigation without a protective order and a stamp designating such protection; and (3) is not known to be part of a public judicial record by introduction as an exhibit at a trial or hearing or by being filed in an unsealed state in a court action and not thereafter sealed by any Court from subsequent disclosure.

5. A party or interested member of the public may challenge the confidentiality of certain documents. However, notwithstanding paragraph 4 above, a confidential designation shall create no presumption or inference concerning its propriety and, if challenged, the party who makes a claim of confidentiality on the challenged material retains the burden of proof to establish good cause and entitlement to protection.

B. <u>Designation of Confidential Material</u>.

1. <u>Documents:</u>  Each page of any document containing Confidential Material shall be

marked prominently "Confidential Material," "Confidential Information" or "Confidential," or "Subject to Protective Order" and may include the following stamp that does not obscure any information on the document;

CONFIDENTIAL
Produced pursuant to Protective Order
<u>Illinois Farmers Insurance Company, as subrogee of Jason & Mindy Jones   v. Sunbeam Products, Inc.</u>
*Court:   USDC, Southern District of Illinois*
*Case   3:10-CV-00713-DRH-DGW*
DO NOT COPY

The markings apply to documents produced, exhibits, discovery requests, and all other documents or materials that may be produced or disclosed during the course of this litigation.  If documents are used that were produced in other cases and are confidentially marked as protected by protective orders in those other cases, further markings need not be made. If such documents become no longer available due to compliance with such other courts' protective orders, upon an appropriate request for production, defendants shall within thirty (30) days produce identical copies of such documents, at plaintiff's expense, which includes an appropriate confidentiality marking for this case.  Each party shall keep a log or index of all documents that party produces that it deems covered by this protective order including thereon a bates stamp number, date, author, primary recipient and general subject matter.  Such log or index shall be kept current by periodic supplementation.

    2.    <u>Deposition Testimony</u>: Counsel for any Party or for a witness may orally on the record designate deposition testimony or exhibits as "Confidential Material" during the course of a deposition.  All deposition testimony, including any exhibits, will be treated in its entirety as

Confidential Material for a period of thirty (30) days after receipt of the transcript.  Prior to the expiration of the thirty (30) days, counsel for any Party or for a witness may designate any portion of the deposition or exhibits as Confidential Material by advising counsel for all parties of the page and lines of the deposition that are deemed Confidential Material, or exhibits that are Confidential Material.  All exhibits used at any deposition which have previously been deemed subject to a protective order and any testimony related to such exhibits shall be presumptively covered by this protective order without the need for further designation.  After the expiration of the thirty (30) days, all other portions of the Deposition will not be treated as Confidential Material.  Depositions taken in other cases which may contain confidential information subject to a protective order in such other cases shall be produced upon demand by defendants and any confidential designations shall be made as described above.

        3.     Other Materials:  All other materials and/or information may be designated as Confidential Material by either an appropriate marking on the materials and/or information, or by advising the other party in writing of the designation as Confidential Material.

C.     <u>Filing Confidential Material with the Court.</u>  All motions, pleadings, memoranda, briefs, exhibits, appendices, discovery responses or requests, and any other documents or papers which contain Confidential Material and are filed with the Court, shall be filed under seal (in a sealed envelope) and shall be labeled with the caption of the action, a description of the contents of the documents, materials, and/or information contained in the sealed portions, and labeled with the following statement:

FILED UNDER SEAL PURSUANT TO<br>TERMS OF PROTECTIVE ORDER

Such material shall be kept sealed by the Clerk of the Court, with access limited to the Court, its employees, and counsel for the parties. Confidential portions of such Court filed documents, materials, and/or other information may be filed separately in a sealed envelope.

D.	<u>Protection of Information</u>. Except with the prior written consent of the Party designating the document, material, and/or information as Confidential Material, Confidential Material may not be disclosed to any Person, or publicly disseminated in any other way, except that such information may be disclosed to:

1.	A Party, including any parent, subsidiary, affiliate, successor-in-interest, predecessor-in-interest and any officers, directors, employees, agents, or representatives of or attorney for a Party who is involved in this lawsuit or assisting in the prosecution or defense of this lawsuit;

2.	The Court, its staff, and employees;

3.	Court-appointed Mediator(s), arbitrator(s) or special master(s) attempting to assist in resolving or adjudicating all or any portion of this matter so long as the parties have agreed in writing that such person may serve in that capacity. Before any party may disclose Confidential Material to any mediator(s), arbitrator(s), or special master(s) who were not appointed by the Court, such persons must have signed and delivered to counsel of record for each party an Agreement to be Bound in the form of Exhibit A hereto;

4.	Counsel of record for a Party and their legal associates, paralegals, and office staff;

5.	In-house counsel for a Party and his or her paralegals and office staff;

6.	Outside experts and consultants retained or consulted for the purpose of assisting a

Party in the preparation and trial of these cases. Such individuals to whom Confidential Materials are disclosed and/or otherwise provided must sign and execute an Agreement to be Bound, which is attached as Exhibit A;

      7.      Court reporters transcribing testimony in these cases and notarizing officers; and

      8.      Witnesses being deposed, so long as they execute the Agreement to be Bound, which is attached as Exhibit A.

The parties' counsel shall each be responsible for maintaining a list of each and every party, parties' attorneys, parties' experts and any other authorized persons who are permitted by him or her to see or have a copy of all or any part of the documentary information produced in accord with this order.

E.     <u>Discovery from Third Parties</u>. When documents, materials, and/or information is sought in discovery from any Person who is not a Party, a Party or a non-Party who has a claim of confidentiality may designate such documents, materials, and/or information as Confidential Material under this Order.

F.     <u>Inconsistent Designations</u>. If a Party produced multiple identical copies of a document in this case and one, but not the others, has been designated as Confidential Material, the document and all copies thereof shall be treated as Confidential Material until a determination is made by the parties or the Court. This provision shall not apply to documents produced in other cases which were not then designated and marked as Confidential Material.

G.     <u>Protection of Confidential Material</u>. Confidential Material shall not be exhibited, reproduced, disseminated, described, made available for inspection or copying in kind, nor shall the same be disclosed, in whole or in part in any other manner to any person other than those

persons designated above. Plaintiffs and their counsel and their designated experts are prohibited by this order from: (a) discussing or copying the Confidential Material, or any part thereof to or with any person not described above; or (b) directly or indirectly disclosing or sharing the information contained in the Confidential Material with counsel, parties, claimants, witnesses, experts or litigants who have a claim, claim to have a claim or who may have other claims against either or both Defendants arising from a Sunbeam electric blanket. Furthermore, the information contained in the Confidential Material, whether from the documents themselves or deposition testimony, reports, charts, letters, drawings, designs, or other communication wherein information from within the statements is mentioned, analyzed, discussed or referred to shall not be further released, disclosed, discussed or used beyond that which is specifically provided for herein except upon the prior written order of this Court.

H. <u>Use of Confidential Material</u>. All Confidential Material shall be used and disclosed solely for purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction.

I. <u>Challenging Confidentiality Designations</u>. Any Party may challenge the propriety of a designation of Confidential Material by objecting in writing within thirty (30) days after the document, material, and/or information has been produced or designated. The designating party must respond in writing to the challenge within thirty (30) days. Before seeking judicial relief, the parties shall attempt to resolve the dispute in good faith and on an informal basis. If the dispute as to the designation is not resolved, the Party challenging the designation must seek judicial resolution within thirty (30) days after the

designating party has responded to the written objection, as set forth above. The failure to timely seek such judicial resolution shall be deemed a waiver of the challenge to the confidentiality designation. In response to any challenge, the designating party shall have the burden of proof to establish good cause for inclusion of material within this Protective Order. The designation as Confidential Material continues pending a judicial determination that the Confidential Material designation is not allowed for the particular document or testimony subject to the challenge. The Court has discretion to sanction any party or their counsel, including the assessment of reasonable attorney's fees and costs, for improper designations, improper challenges or presenting unnecessary and unjustified disputes to the Court for resolution. This procedure for challenging confidentiality designations shall likewise apply to any disputed documents from other cases sought to be used in this case, but claimed to be covered by a protective order in such other case.

J. <u>Scope of this Order</u>. Nothing in this Order shall:

1. Restrict the right of any Party producing Confidential Material to disclose such Confidential Material to any other Person including the production of such Confidential Material in other cases. However, should Defendants voluntarily or involuntarily disclose such Confidential Material in connection with a products liability claim or in a litigation context in a manner inconsistent with a claim of continued confidentiality, Defendants shall forthwith notify plaintiffs' counsel of such disclosure and the need for continued confidentiality of such material shall be subject to challenge as set forth above;

2. Restrict the right of any Party to use any Confidential Material in any hearing or

trial of this case; subject to any further orders the Court may enter;

      3.      Prevent any Party or Person from objecting to discovery that it believes is improper;

      4.      Preclude any Party from seeking any further or additional protection for Confidential Material not provided in this Order;

      5.      Preclude any party or person from seeking relief from any provisions of this Protective Order based upon substantially changed circumstances;

      6.      Preclude this Court from modifying this Protective Order based upon the motion of any party or affected person, or the petition of any non-party seeking access to the materials covered by this Protective Order for use in other and related cases against Defendants; and

      7.      Preclude or prevent any party from objecting to the use of or admissibility at trial of any protected document or testimony.

K.      <u>Conclusion of Action</u>. This Protective Order shall continue to remain in effect even after the conclusion and dismissal of this action. Within 30 days after the entry of an order dismissing this case, and the expiration of any appeal therefrom, the written and signed acknowledgments required hereunder, shall be gathered up by counsel for Plaintiffs and thereafter delivered to counsel for Defendants, who will then combine the same with the written and signed acknowledgments relative to the documents disseminated by counsel for Defendants pursuant to this Order. If the Confidential Materials or their contents are not admitted as part of the evidence at a hearing or a trial or have not otherwise been made public, all such confidential records and the authorized copies thereof, covered by this Protective Order, shall be gathered up by counsel for Plaintiffs and thereafter delivered to counsel for Defendants, who will then combine the same with

all copies thereof. Thereafter, counsel for Plaintiffs and counsel for Defendants shall each execute an affidavit or affidavits stating (a) all copies of Confidential Material have been returned; (b) no additional copies other than those returned were made; (c) that counsel did not disclose, copy, disseminate or distribute the information to any person or entity other than those persons hereby authorized to receive the same and who surrendered their copies and who in turn submitted or turned the same over; and (d) that counsel did not retain all or any portion of the Confidential Material provided pursuant to this order in any form, including but not limited to digital, pictorial or electronic copies or synopses of all or portions thereof.

L. <u>Remedies for Violation of this Order</u>. Each Party agrees and acknowledges that a material and willful violation of this Order will result in irreparable harm and, therefore, consents to the assertion of jurisdiction by this Court and the issuance of an injunction and any other appropriate equitable and monetary relief.

**IT IS SO ORDERED.**

**DATED: December 14, 2011**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**